UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOELLEN LEE,

    Plaintiff,

    v.

CLARK COUNTY JUVENILE COURT;
CLARK COUNTY, and DOES 1 – 10
inclusive,

    Defendants.

Case No. C04-5548FDB

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**INTRODUCTION**

Plaintiff alleges that while employed by Defendants, she suffered from a drug addiction, which the Defendants refused to accommodate and for which her employment was terminated, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and a due process violation under 42 U.S.C. § 1983.

It is agreed that Plaintiff Lee was an at-will employee working as a Care Coordinator/Mental Health Therapist in the Clark County Juvenile Court whose responsibilities included the provision of program support and coordination of assistance and services to families with children with behavioral health issues who were under the Juvenile Court's community supervision.

ORDER - 1

1     While employed as a Care Coordinator, she found that one of her patients was given a
2  Vicodin prescription by her dentist, Plaintiff ordered a refill for the child's prescription, and picked it
3  up from the drugstore under a false name.  The child's mother learned that someone identifying
4  herself as a Juvenile Court employee had forged her daughter's prescription for Vicodin at Long's
5  Drugs.  The matter was investigated by the Clark County Sheriff's Department, including the store's
6  surveillance video tape.  Thereafter, on December 8, 2004, Plaintiff admitted perpetrating the
7  prescription forgery to her program manager.  Plaintiff was placed on administrative leave with pay
8  on December 9, 2003.

9     On December 15, 2003, Plaintiff declined to speak with the Sheriff's deputy investigating the
10 matter without her attorney present.  On December 16, 2003, Plaintiff and her attorney met with
11 Plaintiff's Human Resources Manager for an administrative investigative interview, and Plaintiff
12 invoked her rights under *Garrity v. New Jersey*, 385 U.S. 493 (1967).  Plaintiff was informed that
13 termination of her employment was being considered and she was invited to attend a pretermination
14 hearing as required under *Cleveland Bd. Of Ed. v. Loudermill*, 470 U.S. 532 (1985).  Plaintiff
15 provided a written response and attended the hearing on December 30, 2003.  On January 2, 2004,
16 Plaintiff was notified that she was being terminated for cause.  Plaintiff advised the Human Resources
17 Manager that she intended to appeal, the HR Manager sent her the relevant policies and procedures,
18 but heard nothing further regarding an administrative grievance by Plaintiff.

19    Defendants argue that Plaintiff was properly terminated despite the ADA because the term
20 "qualified person with a disability" does not include any employee who is currently engaging in the
21 illegal use of drugs when the employer acts on the basis of such use.  She was terminated for her
22 work-related criminal conduct tied to her current illegal use of drugs.  Defendants also argue that the
23 process provided plaintiff more than satisfied constitutional requirements.  Finally, Defendants argue
24 that no service of the summons and complaint in this case has ever been received by the Clark
25 County Auditor as required by Washington Law regarding non-charter counties, and that this Court,
26 ORDER - 2

1  therefore, did not acquire personal jurisdiction over the Defendants.

2  Plaintiff responds that Defendants have had actual notice of the Complaint early on, that
3  service under Rule 4 is "a flexible rule that should be liberally construed so long as a party receives
4  sufficient notice of the Complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
5  840 F.2d 685, 688 (9th Cir. 1988). Defendants had notice first from the EEOC Complaint lodged in
6  early 2004 and the notice was served over a year ago on the County to the Board of Commissioners.
7  Therefore, there has been substantial compliance with the rule.

8  Plaintiff also argues that Plaintiff was disabled under the Act because of her drug addiction,
9  she was qualified to do the job, that she came forward on her own to state this one occurrence, and
10 this admission of a disability caused her to be fired from her job. She asserts that knowing she was
11 dependent upon Vicodin and that she needed help, she came forward and, thus, triggered the safe
12 harbor provision. Defendants could have placed her on leave so that she could go into rehabilitation
13 treatment, but neither this, nor any other accommodation was even attempted. Finally, Plaintiff
14 states that she "felt that everything that was said and done at the meeting was already predetermined.
15 It was not meaningful or fair in Plaintiff's estimation." Plaintiff states that while she was told she
16 could appeal and that she attempted to do so, she was denied the opportunity.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of

ORDER - 3

1  proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can

2  exist and summary judgment is mandated.  *Celotex*, 477 U.S. 317, 322-23 (1986).  The nonmoving

3  party "must do more than show there is some metaphysical doubt as to the material facts."

4  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

Plaintiff's ADA claim fails because she cannot establish that she was a "qualified individual with a disability," a term that means "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).  The Act specifically excludes persons engaged in current illegal drug use from its definition:

> For purposes of this title, the term "qualified individual with a disability" shall not include any employee or applicant who is *currently engaging in the illegal use of drugs*, when the covered entity acts on the basis of such use.

42 U.S.C. § 12114(a)(emphasis added).  There are certain "safe harbor" provisions to which the above exclusion is subject, but they are inapplicable here, as they concern individuals who are participating in or who have successfully completed a drug rehabilitation program and are no longer engaging in such use, or who were erroneously regarded as engaging in such use.  The exclusion provides that an employer, among other things,

> may hold an employee who engages in the illegal use of drugs or who is an alcoholic to the same qualification standards for employment or job performance and behavior that such entity holds other employees, *even if any unsatisfactory performance or behavior is related to the drug use or alcoholism of such employee ...*

42 U.S.C. § 12114(c)(4)(emphasis added).  Vicodin, the drug Plaintiff unlawfully obtained, is a schedule III controlled substance.  21 U.S.C. § 812; 21 C.F.R. § 1308.13.  The regulations address when a person is considered to be "currently engaging" in illegal drug use:

> The term "currently engaging" is not intended to be limited to the use of drugs on the day of, or within a matter of days or weeks before, the employment action in question.  Rather, the provision is intended to apply to the illegal use of drugs that has occurred recently enough to indicate that the individual is actively engaged in such

ORDER - 4

conduct.

29 C.F.R. § 1630.3, App. In *Collings v. Longview Fibre Co.*, 63 F.3d 828 (9th Cir. 1995), summary judgment was affirmed for the employer in an ADA action brought by former employees who were fired for drug-related misconduct at its workplace following an undercover investigation. The Court here recognized a clear "distinction between termination of employment because of misconduct and termination of employment because of a disability." *Id.* at 832. Defendants cite a host of decisions recognizing this distinction. (See Reply p. 7, n. 21, 22.)  Plaintiff Lee engaged in criminal misconduct ,Clark County was entitled to terminate her, and the termination did not constitute a violation of the ADA.

Plaintiff's contentions about the process she received do not constitute a violation of due process. In *Brewster v. Board of Education*, 147 F.3d 971 (9th Cir. 1999), the Court stated:

> The Supreme Court has made clear that in circumstances in which a predeprivation hearing is required by due process, it "need not be elaborate." *Loudermill*, 470 U.S. at 545. The hearing need not even approximate a trial-like proceeding; in fact, it may be "very limited" and still pass constitutional muster. *Gilbert*, 117 S.Ct. At 1811. A predeprivation hearing serves only as "an initial check against mistaken decisions – essentially, a determination of whether there are reasonable grounds to believe that the charges are true and support the proposed action." *Loudermill*, 470 U.S. at 545-46. To that end, a plaintiff need only be accorded "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. *Id.* at 546.

*Id.* at 984. The process that Lee received in this case satisfied constitutional requirements.

There are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law. The declarations submitted by Clark County in support of and in reply to their motion effectively rebut Plaintiffs contentions.

**CONCLUSION**

For the foregoing reasons, Plaintiff's claims fail and must be dismissed. NOW, THEREFORE,

IT IS ORDERED:

ORDER - 5

1. Defendants' Motion for Summary Judgment [Dkt. # 12] is GRANTED, and this cause of action is DISMISSED with prejudice;

2. Defendants' Motion To Strike Portions of Plaintiff's Opposition is STRICKEN as MOOT, in view of the Court's decision on summary judgment.

DATED this 2nd day of December, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6